IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIOLET GOODWIN, | ) | 8:09CV205 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA HOUSING AUTHORITY, | ) | |
| ANDRIAS BELL, REGGIE | ) | |
| JOHNSON, and BESSIE EBOW, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Temporary Restraining Order ("TRO"). (Filing No. 19.) In this motion Plaintiff requests restoration of her section 8 housing benefits during the pendency of this case.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiffs' Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

The court liberally construes Plaintiff's Amended Complaint (filing no. 7) and Motion for TRO (filing no. 19) to allege that Defendants wrongfully terminated her section 8 benefits in violation of Title VI. Pursuant to Title VI, "No person in the

United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To establish a prima facie case under Title VI, a plaintiff must demonstrate that her race, color, or national origin was the motive for the discriminatory conduct. *Thompson v. Bd. of Special Sch. Dist. No. 1*, 144 F.3d 574, 578-79 (8th Cir. 1998).

Here, the court finds that the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. In balancing all of the factors, it is apparent that Plaintiff has not alleged, or submitted any evidence showing, that it is probable she will succeed on the merits of her claims. In particular, she submitted no direct evidence of discrimination. In addition, there appears to be nondiscriminatory reasons for the termination of Plaintiff's section 8 benefits. For example, Plaintiff admits that she permitted other people to stay in her home. (Filing No. 19-1 at CM/ECF pp. 8-10.) These people helped Plaintiff clean her house and pay her bills. (*Id*.) Moreover, Plaintiff has not demonstrated that she will experience irreparable harm if she continues to live without section 8 benefits during the remainder of this litigation. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined . . . ." *Dataphase,* 640 F.2d at 113.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order (filing no. 19) is denied.

DATED this 25th day of February, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.