IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIOLET GOODWIN, | ) | 8:09CV205 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA HOUSING AUTHORITY, | ) | |
| REGGIE JOHNSON, ANDRIAS | ) | |
| BELLE, and BESS EBO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion for Summary Judgment (filing no. 26), Plaintiff's Motion for Summary Judgment (filing no. 31), Plaintiff's Motion to Compel Discovery (filing no. 24), and Plaintiff's Motion to Reconsider (filing no. 33). As set forth below, Defendant's Motion is granted and Plaintiff's Motions are denied.

### BACKGROUND

Plaintiff Violet Goodwin ("Goodwin") filed her original Complaint in this matter on June 23, 2009. (Filing No. 1.) On initial review, the court concluded that Goodwin's Complaint failed to state a claim upon which relief may be granted. (Filing No. 6.) However, the court gave Goodwin an opportunity to file an amended complaint. (*Id*. at CM/ECF pp. 6-7.) On September 2, 2009, Goodwin filed an Amended Complaint. (Filing No. 7.)

Upon review of Goodwin's Amended Complaint, the court determined that Goodwin had failed to state due process and Privacy Act claims upon which relief may be granted. (Filing No. 8 at CM/ECF p. 1.) However, the court liberally construed Goodwin's Amended Complaint to allege that Defendants terminated her

Section 8 housing assistance payments on the basis of her race and national origin in violation of Title VI of the Civil Rights Act of 1964. (Filing No. 8; Filing No. 6 at CM/ECF pp. 5-6.) The court permitted Goodwin to serve Defendants with respect to her Title VI claim only. (Filing No. 8.) Shortly thereafter, Goodwin filed a Second Amended Complaint.[1] (Filing No. 11.)

On February 16, 2010, Defendants filed a Motion for Summary Judgment. (Filing No. 26.) To support their Motion, Defendants also filed Brief and an Index of Evidence. (Filing Nos. 27 and 30.) On February 23, 2010, Goodwin filed a Motion for Summary Judgment of her own along with an Affidavit in Opposition to Defendants' Motion for Summary Judgment. (Filings No. 31 and 32.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

---

[1] For the purposes of this Memorandum and Order, the court will consider Plaintiff's Second Amended Complaint (filing no. 11) as supplemental to Plaintiff's Amended Complaint (filing no. 7). *See* NECivR 15.1 (stating that the court may treat a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading").

Defendants submitted a statement of material facts in accordance with the court's Local Rules. In contrast, Goodwin did not submit a statement of material facts or a concise response to Defendants' statement of material facts. However, both parties submitted evidence which was properly authenticated by affidavit. In light of this, both Motions are deemed fully submitted and the court adopts the following undisputed material facts.

### *RELEVANT UNDISPUTED FACTS*

1. Goodwin is a resident of Omaha, Nebraska, and a former participant in Defendant Omaha Housing Authority's ("OHA") Housing Choice Voucher Program, commonly referred to as the Section 8 Program ("Section 8 Program" or "Program").

2. OHA's Section 8 Program subsidizes landlords who accept low income tenants and is governed by federal regulations and an administrative plan designed to ensure consistency in Program operation.

3. OHA's administrative plan establishes policies and procedures that apply equally to all Program participants, regardless of race, color, or national origin.

4. In June 2004, Goodwin leased a housing unit at 2440 Reddick Avenue in Omaha, Nebraska ("Reddick Unit"). OHA agreed to make Section 8 assistance payments for the unit.

5. While Goodwin resided at the Reddick Unit, OHA conducted several inspections to ensure compliance with federal housing quality standards. (Campbell Aff. Paragraph 6.) OHA conducted these inspections in accordance with the Section 8 Program administrative plan and federal guidelines.

6.     On February 27, 2009, OHA sent Goodwin a letter informing her that her Section 8 assistance payments would be terminated because the agency had determined that she engaged in several program violations, including: vacating the unit without notice; subletting the unit; allowing unauthorized occupants to reside in the unit; and failing to report her income accurately.

7.     Upon receiving the letter, Goodwin requested a hearing to dispute OHA's decision.

8.     On March 17, 2009, Andria Bell[2] ("Bell") conducted an informal hearing and reviewed evidence regarding OHA's decision to terminate Goodwin's Section 8 assistance payments.

9.     After considering the evidence presented at the hearing, Bell issued a decision upholding the termination of Goodwin's Section 8 assistance payments. Bell specifically determined that OHA had presented sufficient evidence to substantiate its claims that Goodwin was subletting her unit and that Goodwin failed to report all of her income from the period of September 1, 1999, to March 31, 2009.

10.    On March 31, 2009, Bell mailed Goodwin her decision along with copies of the documents she considered.

(Filing No. 7; Filing No 30-1, Attach. 1 at CM/ECF pp. 1-2; Filing No. 27 at CM/ECF p. 3; Filing No. 30-3, Attach. 3 at CM/ECF pp. 1-4; Filing No. 30-2, Attach. 2 at CM/ECF p. 1; Filing No. 30-4, Attach. 4 at CM/ECF pp. 4-5)

---

[2]Goodwin names "Andrias Belle" as a Defendant in this matter. (Filing No. 7.) However, the record before the court indicates that Defendant's name is actually "Andria Bell." (Filing No. 27 at CM/ECF p. 1; Filing No. 30-4, Attach. 4 at CM/ECF p. 1.)  For clarity, the court will refer to Defendant as Andria Bell.

*ANALYSIS*

**I.     Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting Gregory v. City of Rogers, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

**II.    Goodwin's Title VI Claim**

Goodwin claims that Defendants terminated her Section 8 housing assistance payments on the basis of her race, color and national origin in violation of Title VI of the Civil Rights Act of 1964. (Filing No. 11.) For the reasons stated below, Goodwin's discrimination claim fails because she has not presented a sufficient prima

5

facie case of discrimination.

Title VI states that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Although Title VI does not mention a private right of action, [the Supreme Court's] decisions have found an implied right of action." Barnes v. Gorman, 536 U.S. 181, 185 (2002); *see also* Fuller v. Rayburn, 161 F.3d 516, 518 (8th Cir. 1998) (concluding "Title VI generally permits recovery of damages for intentional discrimination").

To survive a motion for summary judgment, a plaintiff can demonstrate unlawful discrimination through either direct or indirect evidence. *Bearden v. Int'l Paper Co.*, 529 F.3d 828, 831 (8th Cir. 2008). Claims premised on indirect evidence are analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See also Pondexter v. Allegheny County Housing Authority*, 329 Fed.Appx. 347, 351 (3d Cir. 2009) (concluding that plaintiff's Title VI racial discrimination claim was properly analyzed under the *McDonnell Douglas* framework). Because Goodwin offers no evidence of direct discrimination, the court will analyze her claims under the *McDonnell Douglas* framework.

To set forth a prima facie case of discrimination under the *McDonnell Douglas* framework, Goodwin must establish that she: (1) is a member of a protected class; (2) suffered adverse action; and (3) was treated differently from similarly situated individuals. *Buhendwa v. Univ. of Colo. at Boulder*, 214 Fed.Appx. 823, 828 (10th Cir. 2007) (requiring a plaintiff bringing a Title VI claim to demonstrate that she was treated differently from similarly situated individuals). If Plaintiff establishes a prima facie case, a rebuttable presumption of discrimination arises and the burden shifts to the Defendant to articulate a legitimate nondiscriminatory reason for its action. *Bearden*, 529 F.3d at 831. If the Defendant articulates a nondiscriminatory reason,

6

8:09-cv-00205-JFB-PRSE Doc # 36 Filed: 05/28/10 Page 7 of 8 - Page ID # 619

the burden returns to the Plaintiff to show that the proffered reason is pretextual. *Id. at 831-32* (citing *Brannum v. Mo. Dep't of Corr.*, 518 F.3d 542, 548 (8th Cir. 2008)).

Construing the undisputed evidence in a light most favorable to Goodwin, the court finds that Goodwin has established elements one and two of her prima facie case. However, Goodwin has not provided any evidence to show that other similarly situated individuals were treated differently. In fact, Goodwin's evidence does not relate to her discrimination allegations, but rather, to whether she received payment from people who stayed at her residence. (Filing No. 32 at CM/ECF pp. 10-12.)

In short, Goodwin must support her discrimination allegations with more than "speculation, conjecture, or fantasy." *Marquez v. Bridgestone/Firestone, Inc.*, 353 F.3d 1037, 1038 (8th Cir. 2004) (quoting *Putman v. Unity Health Sys.*, 348 F.3d 732, 733-34 (8th Cir. 2003)). She has simply failed to do so. Accordingly, the court finds that the evidence, taken in its entirety, and viewed in a light most favorable to Goodwin, is insufficient for a reasonable trier of fact to infer that race, color or national origin were determinative factors in Defendants' decision to terminate Goodwin's Section 8 assistance payments.[3]

### III. Goodwin's Motion to Reconsider

Goodwin has also filed a Motion to Reconsider. (Filing No. 33.) In her Motion, Goodwin seeks reconsideration of the court's October 15, 2009, Memorandum and Order dismissing her due process claim. (Filing No. 8.) The court

---

[3] Because Goodwin has failed to set forth a sufficient prima facie case of discrimination, the court need not proceed with the remainder of the *McDonnell Douglas* analysis. However, even if the court engaged in that analysis, and for the reasons as set forth above, Goodwin has not shown that Defendants' nondiscriminatory reason for terminating her Section 8 assistance payments was pretextual. *Bearden,* 529 F.3d at 831.

7

has carefully reviewed Goodwin's Motion and finds no good cause to reconsider its October 15, 2009, Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (filing no. 26) is granted as set forth in this Memorandum and Order. Plaintiff's Title VI claims against Defendants are dismissed with prejudice.

2. Plaintiff's Motion for Summary Judgment (filing no. 31) and Motion for Reconsideration (filing no. 33) are denied. All other pending motions are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.